MOULTON et v. NORFOLK & WEST. RY. CO.

Ohio Appeals, 4th Dist., Scioto Co.

Decided March 21, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**445. EASEMENTS.**

Easement, when once attached to lands, is not limited in its use to original use of lands, but enlarges to meet growth and development and any changes in condition.

Appeal from Common Pleas.
Decree for plaintiff.

Wm. J. Meyer and Frank W. Moulton, Portsmouth, for Moulton.

Henry Bannon, Portsmouth, for Railway Co.

FULL TEXT.
BY THE COURT.

When this cause was submitted the court indicated from the bench its impressions in respect to the rights of the plaintiff under the law and the facts. We have since examined the authorities cited by counsel for the defendant and that examination only confirmed our original conclusion.

The case of Railroad Company v. Realty Company, 92 OS.. 96, certainly establishes the doctrine that when once an easement attaches to lands such easement is not limited in its use to the original use of the lands but enlarges to meet the growth and development of such lands and any changes in their condition.

It is therefore apparent that the division of the lands in question into building lots results in passing the easement to use the crossing involved to each separate owner of any of the lots growing out of such division.

We find that the Common Pleas Court has very properly covered all the questions of law involved in this controversy in an opinion which was submitted to us, and it is therefore unnecessary to go into a detailed discussion of any further principles of law applicable to the undisputed facts in this case.

A decree may be entered granting the plaintiff a permanent injunction as prayed for in the petition and damages in the sum of one hundred dollars.

Middleton, P. J., Roberts and Mauck, JJ., concur.

(Roberts, J., of the seventh district, sitting by designation in the place of Thomas, J., of the fourth district.)